IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CONCHITA M. TURPIN, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:10CV850–HEH
)
THE WELLPOINT COMPANIES, INC., *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION
(Granting GCA's Motion to Set Aside Entry of Default; Granting GCA's Motion for Extension of Time to File Responsive Pleadings; Denying Plaintiff's Motion for Judgment by Default)

This is an action for money damages under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.* It is presently before the Court on several motions concerning the Clerk's entry of default as to Defendant GCA Services Group, Inc. ("GCA").[1] For the reasons stated below, GCA's Motion to Set Aside Entry of Default will be granted; GCA's Motion for Extension of Time to File Responsive Pleadings and Deem Accompanying Motions to Dismiss Timely Filed will be granted; and Plaintiff's Motion for Judgment by Default will be denied.

---

[1] Plaintiff erroneously named GCA Services Group, Inc. as "GCA Services" in her Complaint.

## I. BACKGROUND[2]

On November 22, 2010, Conchita M. Turpin ("Plaintiff"), proceeding *pro se*, filed a motion for leave to proceed *in forma pauperis* against The Wellpoint Companies, Inc. and GCA. This Court granted Plaintiff's motion and directed the Clerk to file Plaintiff's Complaint.

The Clerk filed Plaintiff's Complaint on December 2, 2010. That same day, Plaintiff had a summons issued for GCA. Although GCA's registered agent is National Registered Agents, Inc.,[3] Plaintiff directed her summons to "Stacy, GCA Services, 4625 W. Broad Street, Richmond, VA 23230." (Summons Civil Action, ECF No. 4.) The United States Marshals Service ("USMS") personally served GCA administrative assistant Staci Hoover ("Hoover") on December 6, 2010.[4]

GCA had until December 27, 2010 to respond to Plaintiff's Complaint. By February 9, 2011, however, GCA had not yet responded. Plaintiff filed a Request for Entry of Default. By letter dated February 10, 2011, the Clerk advised Plaintiff that she needed to submit an Affidavit in Support of Request for Default. Plaintiff filed a supporting affidavit on February 15, 2011, and the Clerk entered default as to GCA that day.

---

[2] The Court here recounts only those facts relevant to GCA's Motion to Set Aside Entry of Default; GCA's Motion for Extension of Time to File Responsive Pleadings and Deem Accompanying Motions to Dismiss Timely Filed; and Plaintiff's Motion for Judgment by Default.

[3] GCA is a Delaware corporation authorized to conduct business in Virginia.

[4] The Summons was directed to "Stacy." However, the USMS Process Receipt and Return lists the name of the individual to be served as "Tracy, GCA Services," and shows that "Stacey Hoover, Admin Assis" was the person actually served. The proper spelling of Hoover's first name is "Staci." (*See* Hoover Aff.)

2

Plaintiff moved for default judgment on February 24, 2011. Less than one week later, on March 2, 2011, GCA filed a Motion to Set Aside Entry of Default or in the Alternative Motion to Extend Time to File Responsive Pleadings; a Motion for Extension of Time to File Responsive Pleadings and Deem Accompanying Motions to Dismiss Timely Filed; and two motions to dismiss. Plaintiff has responded.[5] These matters are ripe for decision.

## II. ANALYSIS

"The court may set aside an entry of default for good cause. . . ." Fed. R. Civ. P. 55(c).

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

*Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Notably, the "good cause" standard for setting aside an entry of default pursuant to Rule 55(c) is less onerous than the "excusable neglect" standard for setting aside a default judgment pursuant to Rule 60(b). *Id.* at 420.

---

[5] Plaintiff filed a single response to all of GCA's motions except GCA's Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which is not addressed herein. Plaintiff also filed a notice of interlocutory appeal, in which she apparently seeks to appeal an order by this Court vacating default judgment. Contrary to Plaintiff's assertion, however, default judgment has never been entered in this case, and, as of the filing of Plaintiff's response and notice of appeal, this Court had not yet vacated the Clerk's entry of default.

In this case, the relevant factors favor setting aside the Clerk's entry of default as to GCA. First, GCA has proffered evidence of a meritorious defense. "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). "The underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (quoting 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2697, p. 531 (2d ed. 1983)).

GCA asserts that Plaintiff improperly remained on medical leave after being cleared to work by her doctor. (GCA's Mem. Supp. Mot. Set Aside 5.) The Charge of Discrimination attached to Plaintiff's Complaint supports GCA's contention. (*See* Pl.'s Compl. Ex. 2, at 13.) If believed, GCA's proffered evidence could establish that Plaintiff was not terminated in violation of the FMLA or the ADA. Accordingly, GCA has sufficiently shown a meritorious defense, which favors setting aside the default.

Second, Defendant acted with reasonable promptness upon learning that default had been entered. The Clerk entered default on February 15, 2011. Plaintiff filed a motion for default judgment on February 24, 2011. Within six days, two of which were outside the business week, GCA secured outside counsel, moved to set aside the default and obtain an extension of time in which to file responsive pleadings, and filed motions to dismiss pursuant to Rule 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure.

The record amply supports the conclusion that Defendant acted with reasonable promptness.

Third, GCA was not personally responsible for the default. Rather, GCA's failure to respond can be attributed to Plaintiff's failure to serve GCA in accordance with Rule 4 of the Federal Rules of Civil Procedure.[6]

Fourth, setting aside the default would not prejudice Plaintiff. Plaintiff is proceeding *pro se* and *in forma pauperis*, and thus she has not incurred filing or attorneys' fees in this action. In addition, Plaintiff has no interest in finality which would be disrupted if the default was set aside, because default judgment has not been entered. *Colleton Preparatory Acad., Inc.*, 616 F.3d at 420. To the extent that Plaintiff's time and effort expended in preparing her requests for default and default judgment constitutes

---

[6] Rule 4(h)(1) of the Federal Rules of Civil Procedure provides that a "corporation . . . must be served . . . (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) permits an individual to be served in accordance with the laws of "the state where the district court is located or where service is made"—in this case, Virginia. *See* Fed. R. Civ. P. 4(e)(1). Under Virginia law, a foreign corporation may be served "[b]y personal service on any officer, director, or on the registered agent of a foreign corporation which is authorized to do business in the Commonwealth;" substituted service on the corporation's registered agent, or if there is none, on the clerk of the SCC; or substituted service upon the Secretary of the Commonwealth. *See* Va. Code Ann. § 8.01-301(1)–(3).

In this case, Plaintiff served Hoover, a GCA administrative assistant who performed secretarial work. Hoover was not an officer, director, or registered agent of GCA. Plaintiff has not attempted service by any other means. Accordingly, Plaintiff failed to serve GCA in compliance with Rule 4(h)(1).

GCA asserts that where "service of process was not proper, the court *must* set aside an entry of default." (GCA's Mem. Supp. Mot. Set Aside 4 (quoting *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003)(emphasis added)).) The Fourth Circuit has not yet explicitly adopted a *per se* rule to that effect. This Court need not decide whether the Fourth Circuit would endorse this blanket rule, however, because the multi-factor approach set forth in *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006), clearly favors setting aside the Clerk's entry of default in this case.

prejudice, such inconvenience does not outweigh the interests of the Court and GCA in permitting the case to be decided on the merits.

Finally, the record does not indicate any history of dilatory action on GCA's part. To the contrary, the record reflects that GCA acted promptly after learning that the Clerk entered default.

The Fourth Circuit has counseled trial courts to grant default judgments sparingly. *See Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) (noting that Rule 55(c) should be liberally construed). Considering the relevant factors, the Court finds that GCA should be granted an opportunity to defend itself on the merits.

### III. CONCLUSION

For the foregoing reasons, GCA's Motion to Set Aside Entry of Default will be granted; GCA's Motion for Extension of Time to File Responsive Pleadings and Deem Accompanying Motions to Dismiss Timely Filed will be granted; and Plaintiff's Motion for Judgment by Default will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: March 23, 2011
Richmond, VA